J-S45036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JOSEF AVERGUN, :
:
Appellant : No. 3571 EDA 2015

Appeal from the PCRA Order October 26, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004478-2010

BEFORE: GANTMAN, P.J., PANELLA, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED SEPTEMBER 08, 2017**

Josef Avergun (Appellant) appeals *pro se* from the October 26, 2015 order that dismissed as untimely Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

Appellant was convicted and sentenced in 2010 for harassment and stalking. In 2012, he was sentenced upon revocation of his probation. He filed the instant PCRA petition in 2014. The PCRA court appointed counsel, who was ultimately granted leave to withdraw from the case pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed the petition without a hearing after giving the proper notice. Appellant timely filed this appeal.

_____
*Retired Senior Judge assigned to the Superior Court.

Our standard of review of the denial of a PCRA petition is limited to considering whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). It is Appellant's burden to persuade this Court that the PCRA court erred and that relief is due. *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013).

The timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

Appellant acknowledges that his petition was filed more than one year after his judgment of sentence became final. *See*, *e.g.*, Appellant's Brief at 6; Rule 1925(b) Statement, 1/11/2016, at ¶ 5. However, Appellant claims that his petition satisfies the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court

of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). Appellant's Brief at 6.

Appellant does not indicate what new right was recognized by one of the applicable Supreme Courts, let alone that it was held to apply retroactively and that he filed his petition within 60 days of the decision. Nor does an examination of his questions presented (allegations of evidentiary insufficiency, the discretionary aspects of Appellant's sentence, and ineffective assistance of counsel) suggest that any such decision would apply to except his petition from the timeliness requirements of the PCRA.

Accordingly, Appellant has failed to persuade us that his petition was improperly dismissed.[1]

Order affirmed.

---

[1] We deny Appellant's motion to strike the Commonwealth's brief for failure to comply with the requirement of Pa.R.A.P. 124(a)(2) that the first sheet have a three-inch margin. We have similarly overlooked Appellant's failure to comply with the rule's mandates that the font size of all text be no smaller than 14 point and that all staples be covered. *See* Pa.R.A.P. 124(a)(4), (5).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/8/2017